FILED

'11 JUL 13 PM 2:06

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PABLO AGRIO, | CASE NO. 09cv2712-WMc |
|---|---|
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, REQUEST FOR EVIDENTIARY HEARING, REQUEST FOR APPOINTMENT OF COUNSEL |
| vs. | |
| JOHN MARSHALL, Warden, et al., | |
| Respondents. | |

I.  INTRODUCTION

On December 2, 2009, Petitioner Pablo Agrio ("Agrio"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 challenging the Board of Prison Hearings' ("Board") parole denial. (Doc. no. 1 "Pet.")  Respondent filed an answer on March 3, 2010, and Agrio filed a traverse on March 30, 2010. (Doc. nos. 9 & 13 "Traverse.") Agrio also filed a motion for an evidentiary hearing and a request for appointment of counsel; the Court denied both motions without prejudice. (Doc. nos. 12 & 14.)

The parties consented in writing to jurisdiction by a United States Magistrate Judge (Pet. at 21; Doc. no. 10.) In accordance with 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the Honorable William McCurine, Jr., is the presiding judge. (Doc. no. 15.) After reviewing the Petition, Respondent's Answer and Lodgments, Agrio's Traverse, and all the supporting documents submitted by the parties, the Court **DENIES** Agrio's Petition for Habeas Corpus, request for an evidentiary hearing, and request for appointment of counsel.

II.  **BACKGROUND**

In 1989, the jury convicted Agrio of second-degree murder using a firearm, and the court sentenced him to seventeen-years-to-life with the possibility of parole. (Pet. at 1-2.) The facts of the commitment crime are as follows:

> In 1988, during a heated argument, petitioner shot his wife in the back of the head. . . . Petitioner recounted the details of the shooting. He testified that he was angry with his wife when she returned home later than expected and drunk. He testified that, prior to shooting her, he had slapped and kicked her, and he had pulled the telephones from the wall so that she could not call the police. He indicated that he now accepted the jury finding that he deliberately placed the muzzle of the revolver against the back of his wife's head and deliberately pulled the trigger.

(Lodgment No. 3 at 1.)

The Board held a subsequent parole hearing on December 17, 2008. (Lodgment No. 6 "Transcript.") After reviewing Agrio's commitment offense, lack of criminal history, psychological evaluation, past and present mental state, and parole plans, the Board found Agrio unsuitable for parole.[1] (*Id.* at 17-23, 28, 37-40, 73.)

On April 7, 2009, Agrio filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court challenging the Board's parole denial. (Lodgment No. 1.) The superior court found some evidence supported the Board's decision and denied Agrio's petition. (Lodgment No. 2 at 5.) Agrio then filed a petition for habeas corpus in the California Court of Appeal; the court denied the petition after finding some evidence supported the Board's denial. (Lodgment No. 3 at 2.) Finally, Agrio petitioned the California Supreme Court for review. (Lodgment No. 4.) The California Supreme Court denied the petition without comment. (Lodgment No. 5.)

On December 2, 2009, Agrio filed a Petition for Writ of Habeas Corpus in federal district court. (Pet. at 1.) Agrio claims the Board violated his due process rights by relying on the commitment offense "because the unchanging factors of the crime no longer yield predictive information as to [his] current threat to the community." (*Id.* at 6.) Agrio also requests an evidentiary hearing and appointment of counsel. (*Id.* at 15; Traverse at 5.) Respondent argues the Court should deny the Petition because the state decisions were neither contrary to, nor an unreasonable application of, clearly established law. (Answer at 4.) Respondent also contends

---

[1] The Board initially denied parole for three years. However, on March 27, 2009, the Board modified the parole denial length to two years. (Lodgment No. 7.)

Agrio's claim that the Board's decision rested on immutable factors does not provide a basis for federal habeas relief. (*Id.* at 6.)

## III. DISCUSSION

### A. Scope of Review for Habeas Corpus Relief

A federal court may review a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2254(a) (2006) (emphasis added); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000).

Agrio filed this petition after April 24, 1996, and therefore the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Federal habeas courts may not grant a petition for habeas corpus unless the prisoner establishes a state court's adjudication of a *federal* claim is either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. § 2254(d); *Roberts v. Hartley*, 640 F.3d 1042, 1044 (9th Cir. 2011).

When a prisoner challenges the Board's parole decision as a denial of due process, a federal habeas court reviews whether the prisoner received procedural due process. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam). A prisoner receives procedural due process when he or she has an opportunity to be heard and has received a statement explaining the Board's parole denial. *Id.*

### B. Due Process Claim

Agrio claims the Board violated his due process rights by denying parole without "some evidence" of current dangerousness. (Pet. at 7.) Agrio argues the Board arbitrarily and capriciously denied his parole because it relied solely on the commitment offense and his lack of insight. (*Id.* at 7-9; Traverse at 3.) Agrio maintains these factors fail to predict his current threat to the community and therefore do not constitute "some evidence" of current dangerous. (Pet. at 7-9; Traverse at 3.)

Agrio claims federal habeas courts must apply California's some evidence standard to parole denials. (*Id.* at 3-4.) Specifically, Agrio contends his due process rights "rise beyond the bare-boned requirements of '. . . an opportunity to be heard and a statement of the reasons for its decision.'" (*Id.* at 4.) Thus, Agrio maintains, by relying primarily on the commitment offense and lack of insight into the offense, the Board denied parole without "a scintilla of some evidence . . . indicative of current unreasonable dangerousness" and therefore violated his right to due process. (*Id.*)

Contrary to Agrio's argument, the United States Supreme Court recently held California parole statutes do not create a federally protected liberty interest that encompasses the "some evidence" standard. See *Swarthout*, 131 S. Ct. at 861-62; see also *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011); *Zimmer v. Hernandez*, No. 08-2277, 2011 WL 743083, at *1 (S.D. Cal. Feb. 24, 2011). The Court stated "it is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure well beyond what the Constitution demands) was correctly applied." *Swarthout*, 131 S. Ct. at 861-62.

As *Swarthout* instructs, due process claims require a two-step inquiry. *Id.* at 861. First, the court must determine whether a liberty or property interest exists of which a person has been deprived. *Id.* [citing *Kentucky Dept. of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)]. In *Swarthout*, the Supreme Court confirmed California law creates a liberty interest in parole but emphasized "[w]hatever liberty interest exists, is of course, a *state* interest created by California law." *Id.* at 862 (emphasis in original) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence.").

Second, if the state creates a protected liberty interest, federal habeas courts must ask whether the state followed constitutionally sufficient procedures. *Id.* In *Swarthout*, the Supreme Court clarified the only federal right is procedural. *Id.* at 863. Accordingly, federal habeas courts must review what procedural due process the prisoner received, not whether the state court reasonably applied the "some evidence" standard. *Id.* at 861; *Pearson*, 639 F.3d at 1191 ("*Cooke* makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254."); *Zimmer*, 2011 WL 743083, at *2.

- 4 -

To satisfy procedural due process, the Constitution requires prisoners have, at minimum, an opportunity to be heard and a statement of the reasons why the Board denied parole. *Swarthout*, 131 S. Ct. at 862 [citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979)]. In *Swarthout*, the Supreme Court found prisoners received adequate due process when "[t]hey were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." *Id.* at 862.

Here, Agrio claims the Board denied parole based on insufficient evidence. (Pet. at 10.) Agrio contends the Board based its denial on the commitment offense and his lack of insight into the commitment offense, which are immutable factors that do not predict current dangerousness. (*Id.*) However, Agrio has not alleged the Board denied him procedural due process. (*See id.* at 7-15; Traverse 5-11.) Indeed, the record indicates Agrio received an opportunity to be heard and a statement explaining the Board's reasons for denial. Agrio had counsel represent him during his parole hearing and received copies of the documents the Board reviewed. (Transcript at 2, 6.) During the hearing, Agrio addressed the Board regarding the commitment offense, future plans if paroled, and his remorse. (*Id.* at 17-25, 28, 37-40.) Agrio addressed his wife's alcohol addiction, how he ignored signs she needed help, and steps he has taken while in prison to improve his anger. (*Id.* at 18.) Lastly, Agrio and his attorney made closing statements advocating his release. (*Id.* at 65-71; 72-75.) After reviewing Agrio's case, the Board explained to Agrio and his attorney why it denied Agrio parole. (*Id.* at 77-83.)

Agrio received exactly the same procedural due process the prisoners in *Swarthout* received. First, Agrio received a copy of his file containing documents the Board reviewed. (*Id.* at 6.) Second, Agrio spoke throughout his parole hearing and addressed various parole factors and questions from the Board, including the commitment offense and his past and present attitudes toward the crime. (*Id.* at 17-26.) Finally, Agrio received a statement of reasons why the Board denied parole. (*Id.* at 77-83.)

Agrio received the required procedural due process set forth in *Swarthout*, and therefore, the Court **DENIES** Agrio's Petition for Writ of Habeas Corpus.

### C. Request for an Evidentiary Hearing

Agrio claims this Court must apply California's "some evidence" standard of current dangerousness and requests an evidentiary hearing so the Court can evaluate the evidence the Board relied upon to deny parole. (Traverse at 7-8; Doc. no. 12.) On May 25, 2010, the Court denied Agrio's request for an evidentiary hearing without prejudice. (Doc. no. 14 at 4.) After thoroughly analyzing Agrio's claims, the Court finds Agrio has not stated a colorable claim for an evidentiary hearing. Moreover, the evidence he seeks relates to the specific weight the Board gave to various parole factors, which bear on the Board's substantive decision, and thus *Swarthout* compels denial of his request.

A petitioner must "allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). The district court may not grant an evidentiary hearing unless the petitioner's claim relies on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "a factual predicate that could not have been previously discovered through the exercise of due diligence" and (2) the underlying facts would sufficiently "establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

Here, Agrio has not stated specific facts that would entitle him to relief. First, Agrio does not allege his claims rely on either a new rule of constitutional law the Supreme Court has made retroactive or the factual predicate of his claim could not have been previously discovered through the exercise of due diligence. *See Monroe v. Hedgpeht*, No. 08-1812, 2011 WL 719462, at *7 (S.D. Cal. Feb. 22, 2011) (denying a request for an evidentiary hearing because petitioner failed to allege a valid reason).

Finally, even if an evidentiary hearing established the facts Agrio alleges, such evidence would not entitle Agrio to federal habeas relief. *Swarthout* defeats Agrio's request because he seeks evidence regarding the substance of his claim. Agrio seeks evidence showing the Board relied on certain factors, primarily the commitment offense and his lack of insight into the commitment offense, when denying parole. However, *Swarthout* limits this Court's review to

whether Agrio received procedural, not substantive, due process. *Swarthout*, 131 S. Ct. at 863. Thus, even if the Court granted Agrio's request for an evidentiary hearing, the Court cannot review any evidence showing the Board incorrectly denied parole by misapplying California's some evidence standard. *See Roberts*, 640 F.3d at 1046 ("It makes no difference that [the petitioner] may have been subjected to a misapplication of California's 'some evidence' standard.").

Agrio has not stated a valid reason for an evidentiary hearing. Therefore, this Court **DENIES** Agrio's request for an evidentiary hearing.

### D.  Appointment of Counsel

Agrio also requests appointment of counsel. (Pet. at 21.) The Court denied Agrio's request without prejudice. (Doc. no 14 at 4.) After analyzing Agrio's claims, the Court finds Agrio's claims do not compel appointment of counsel.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *see also George v. Almager*, 674 F. Supp. 2d 1160, 1178 (S.D. Cal. 2009). A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir.1970).

Financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (2006); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir.1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.1984). The interests of justice require the appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986); Rule 8(c), 28 U.S.C. foll. § 2254. Courts have discretion to appoint counsel when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. The Court has denied Agrio's request for

an evidentiary hearing, and therefore appointment of counsel is discretionary. See *Terrovona*, 912 F.2d at 1177.

Relying on its discretion, the Court finds the circumstances presented here render the appointment of counsel unnecessary. Agrio is well-educated; he has a Bachelor of Arts degree, a law degree, and a paralegal license. (Transcript at 37-38, 52.) Although he is not a licensed attorney, Agrio has demonstrated he is capable of presenting his claims in both his Petition and Traverse. The Court has reviewed the presentation of his claims and finds Agrio's Petition thorough and well-written. Agrio's advocacy for a standard of review that *Swarthout* has subsequently foreclosed does not diminish his ability to articulate his claims or understand the issues. See *Swarthout* at 861-63. The Court finds Agrio has sufficiently articulated his claims, and his claims are not too complex to compel appointment of counsel in this matter. Thus, the Court **DENIES** Agrio's request for appointment of counsel.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Agrio's Petition for Writ of Habeas. The Court also **DENIES** Agrio's request for an evidentiary hearing, and **DENIES** Agrio's request for appointment of counsel.

**IT IS SO ORDERED**.

Date: July 13, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court